**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| HARDY JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:14-cv-2218-L (BF) |
| | § | |
| PATE REHABILITATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. Plaintiff Hardy Jones, appearing through counsel, has filed an Application to Proceed in District Court without Prepaying Fees or Costs. For the following reasons, the Application should be denied.

**Background**

This is a civil action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* Plaintiff contends that he was sexually harassed at work and discriminated against on the basis of his age. He has tendered an original complaint and seeks leave to proceed *in forma pauperis*.

**Legal Standards**

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who makes an affidavit that he is unable to pay such costs or give security

therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). A district court enjoys limited discretion to grant or deny *in forma pauperis* status based on the financial resources of the litigant. *See Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 337 (1948).

**Analysis**

Plaintiff has submitted an affidavit which states that he is indigent and unable to pay the costs of maintaining this action. However, it appears that his monthly income exceeds his monthly expenses. Plaintiff receives $1,350 per month in retirement and supplemental security income. He also is receiving $1,400 per month in unemployment benefits. His monthly expenses total almost $2,600. The filing fee for a civil action is $400. Although Plaintiff states that he expects his unemployment benefits to run out in the next three to four months, the Court concludes that Plaintiff is currently able to pay the filing fee without causing undue financial hardship.

**RECOMMENDATION**

The District Court should DENY Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. Plaintiff should be ordered to pay the statutory filing fee by **July 18, 2014.** If he fails to do so, the case should be dismissed.

DATED: June 19, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

2